**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORMA OSORIO** | § | **CIVIL ACTION NO.** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **NOTICE OF REMOVAL OF** |
| | § | **ACTION UNDER 28 U.S.C.** |

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §1441 and 1446, Allstate Fire and Casualty Insurance Company, Defendant herein, removes to this Court the state court action pending in the 151st District Court, Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

**BASIS FOR REMOVAL**

1.      On November 8, 2023, Plaintiff filed suit in Harris County against the Defendant. The suit was assigned to the 151st District, Harris County, Texas, styled Cause No. 2023-78033, *Norma Osorio v. Allstate Fire and Casualty Insurance Company.* Defendant Allstate was served/received notice of this suit on November 22, 2023. As required by 28 U.S.C. § 1446(b)(3), Allstate files this notice of removal within thirty (30) days following receipt by Defendant of the initial pleadings.

2.      Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(b)(3); specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of pre-judgment and post judgment interest,

all damages, punitive damages and penalties, all costs of court, and the Defendant is diverse in citizenship from the Plaintiff.

3.      There is complete diversity among the parties as required by 28 U.S.C. § 1332(a).  Plaintiffs are citizens of Texas.  Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

4.      The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a).  Plaintiffs' Original Petition recites that she monetary relief of over $250,000.00 but no more than $1,000,000.00. *See* Plaintiff's Original Petition and Request for Declaratory Judgment incorporated herein under Exhibit "A".  Plaintiff request a declaratory judgment construing the contract of insurance and declaring her rights to uninsured and underinsured motorist benefits, and awarding them damages, attorney's fees, interest, and court costs.

5.      The Clerk's full record, in this case is attached as Exhibit "A".  A list of all Counsel of Record is attached as Exhibit "B". The Civil Cover Sheet is attached as Exhibit "C".

6.      Venue is proper in this district because the district and division embrace the place where the removal action has been pending.

7.      Defendant will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 151st District, Harris County, Texas.

8.      Defendant respectfully requests that the state court action be removed and placed on this Court's docket for further proceedings.  Defendant further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*Wesley R. Ward*

_____

Wesley R. Ward
State Bar No. 24008235
P. O. Box 3188
Conroe, Texas  77305-3188
(936) 441-4673 – Metro
(936) 441-4674 – Fax
Service Email: hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on December 19, 2023, via e-filing addressed to:

Derek Mueller
Husain Law & Associates, P.C.
5858 Westheimer, Suite 400
Houston, TX 77057
*Attorney for Norma Osorio*

*Wesley R. Ward*

Wesley R. Ward

# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORMA OSORIO** | § | **CIVIL ACTION NO.** |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | **NOTICE OF REMOVAL OF** |
| **INSURANCE COMPANY** | § | **ACTION UNDER 28 U.S.C.** |

## INDEX OF DOCUMENTS

| | DESCRIPTION |
|---|---|
| **1** | Request for Issuance of Service on 11/08/2023 |
| **2** | Plaintiff's Original Petition on 11/08/2023 |
| **3** | Citation on 11/22/2023 |
| **4** | Defendant's Verified Answer on 12/18/2023 |
| **5** | Defendant's Original Answer on 12/18/2023 |

# EXHIBIT

# 1

11/8/2023 4:17:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 81451962
By: PEREZ, GERARDO
Filed: 11/8/2023 4:17:57 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: _____

**FILE DATE:** 11/08/2023  Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

Address of Service: 1999 BRYAN STREET, SUITE 900

City, State & Zip: DALLAS, TEXAS 75201

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias   Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission/Texas Department of Transportation ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by CONSTABLE
- [ ] CERTIFIED MAIL by DISTRICT CLERK

*Note:* The email registered with EfileTexas.gov will be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] OTHER, explain _____

**Issuance of Service Requested By:** Attorney/Party Name: DEREK MUELLER  Bar # or ID 24046494

Mailing Address: 5858 Westheimer, Suite 400, Houston, Texas 77057

Phone Number: 713-800-1200

# EXHIBIT
# 2

11/8/2023 4:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81451962
By: Gerardo Perez
Filed: 11/8/2023 4:17 PM

CAUSE NO. _____

| | | |
|---|---|---|
| NORMA OSORIO | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiff, NORMA OSORIO, complaining of Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and for cause of action would respectfully show the following:

## LEVEL

1.      Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleads she seeks monetary relief in excess of $250,000.00 but no more than $1,000,000.00.

## PARTIES

2.      Plaintiff, NORMA OSORIO ("OSORIO"), is an individual and a resident of Houston, Harris County, Texas.  Plaintiff's Texas driver's license number is XXXXX771.

3.      Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("ALLSTATE"), is an insurance company authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Citation is requested at this time.

## VENUE

4.      Venue is proper in Harris County, Texas, as this is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. TEX. CIV. PRAC. & REM.

CODE §15.002 (a)(1) and TEX. INS. CODE §1952.110(1).

## FACTS

5.      On or about February 6, 2022, Plaintiff lawfully traveling westbound on Old Creek Road in Harris County when suddenly and without warning, when an unknown driver failed to maintain a single lane and struck Plaintiff's vehicle.

6.      At the time of the collision, Plaintiff was an insured driver through Defendant ALLSTATE, for automobile insurance coverage, policy #886 68 444.

7.      As part of Defendant ALLSTATE insurance policy #886 68 444, Defendant insured Plaintiff OSORIO, including all insured drivers under the policy. Defendant contracted to defend and indemnify Plaintiff against all claims for damages arising out of Plaintiff's insured activities during the life of the policy which was in effect on February 6, 2022.

8.      As a result of the actions of the offending driver, Plaintiff suffered serious and permanent body injuries and therefore, is entitled to the benefits allowed under the uninsured motorist provision of Plaintiff's insurance coverage through Defendant ALLSTATE.

## CAUSES OF ACTION AGAINST ALLSTATE

9.      As referenced above, Defendant, ALLSTATE, is liable to Plaintiff under the policy of insurance provided by Defendant, ALLSTATE, to Plaintiff.

## AGENCY AND RESPONDEAT SUPERIOR

10.     Whenever it is alleged in this petition that Defendant ALLSTATE, or its agents did any act or thing, it is meant that Defendant ALLSTATE, or its agents, officers, servants, employees, or representatives did such act or thing.

11.     Such acts were also done with the full authorization or ratification of Defendant ALLSTATE, or done in the normal routine, course, and scope of the agency or employment of Defendant ALLSTATE's agents, officers, servants, employees or representatives.

## DECLARATORY JUDGMENT

12.     Plaintiff brings a claim against Defendant ALLSTATE, for declaratory relief pursuant to the Uniform Declaratory Judgments Act as set forth in Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

13.     Plaintiff would show that this Court has jurisdiction to determine certain rights, status, and other legal relations amongst the parties currently before the Court.   TEX. CIV. PRAC. & REM. CODE §§37.002-.003.

14.     Plaintiff has standing to bring this action for declaratory relief as an interested person/third party beneficiary pursuant to the agreement entered into between Plaintiff and Defendant ALLSTATE, in which coverage was issued to Plaintiff.

15.     Plaintiff seeks a judicial determination from the Court as to the rights, status and legal relations between Plaintiff and Defendant ALLSTATE pertaining to certain contractual language and provisions of underinsured motorist coverage under the Policy issued to Plaintiff.

16.     Plaintiff specifically ask the court to determine, per the terms of the Policy, the uninsured status of the unknown driver, the negligence of the unknown driver and/or that the collision was not caused by any negligence on the part of Plaintiff as such determinations are necessary before Plaintiff can recover his other causes of action against Defendant ALLSTATE. This matter is appropriate for determination as a declaratory judgment.  TEX. CIV. PRAC. & REM. CODE §§37.002-.003.

17.     Plaintiff contends Defendant ALLSTATE, is contractually obligated to provide liability protection to satisfy the injuries and damages she sustained arising out of the February 6, 2022 collision in accordance with the Policy. As Plaintiff suffered injuries and damages as a result of an uninsured motorist as that term is defined by the Policy, Plaintiff is entitled to recover from Defendant ALLSTATE, for her injuries and damages as set forth below.

## DAMAGES – OSORIO

18.     As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past.

19.     Plaintiff will also likely suffer legally recoverable damages in the future.

20.     Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.

21.     There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

      A.     The physical pain Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

      B.     The mental anguish Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

      C.     The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

      D.     The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

      E.     The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future.

22.     Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest.

23.     Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

## NOTICE THAT DOCUMENTS WILL BE USED

24.    Pursuant to Rule 193.7, Plaintiff hereby gives notice that all documents produced by Defendant in response to discovery may be used at any pre-trial proceeding or at the trial of this case.

## DESIGNATED E-SERVICE EMAIL ADDRESS

25.    The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: eserve@hlalawfirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited in terms of law to appear and answer herein; that upon final trial hereof, Plaintiff have judgment against Defendant for all damages, punitive damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, P.C.**

By: */s/ Derek Mueller*
**DEREK MUELLER**
State Bar No. 24046494
5858 Westheimer, Ste. 400
Houston, TX  77057
Telephone: (713) 800-1200
Facsimile:  (713) 800-0786
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFF**

# EXHIBIT
# 3

11/22/2023 11:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81905229
Receipt Number: 980529          By: Keeley Hodgins
Tracking Number: 74259893      Filed: 11/22/2023 11:37 AM

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202378033

PLAINTIFF: OSORIO, NORMA                          In the 151st Judicial

vs.                                               District Court of

DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE    Harris County, Texas
COMPANY

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED BY SERVING ITS
REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 8, 2023, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
November 10, 2023.



                              Marilyn Burgess, District Clerk
                              Harris County, Texas
                              201 Caroline, Houston, Texas 77002


                              Generated By: GERARDO PEREZ

Issued at request of:
MUELLER, DEREK NEIL
700 LOUISIANA ST SUITE 2770
HOUSTON, TX  77002
832-369-7997
Bar Number: 24046494

Tracking Number: 74252798

CAUSE NUMBER: 202378033

PLAINTIFF: OSORIO, NORMA                         In the 151st

    vs.                                          Judicial District Court

DEFENDANT:   ALLSTATE   FIRE   AND   CASUALTY          of Harris County, Texas
INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   _____.   M.,   on   the   _____   day   of
_____, 20____.
Executed  at  (address)  _____
in _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:  $ _____        _____

                           _____ of _____

County, Texas

_____        By:  _____
       Affiant                                Deputy
On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of
_____, 20 _____

                                   _____
                                   Notary Public

CAUSE NUMBER: 2023-78033

**NORMA OSORIO**
**PLAINTIFF**

**VS.**                                    **IN THE 151ST JUDICIAL DISTRICT**
                                          **COURT OF HARRIS COUNTY, TEXAS**

**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY**
**DEFENDANT**

**RETURN OF SERVICE**

My name is **MAURICIO SEGOVIA**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1301 E. Bardin Rd. #182919 , Arlington  TX , 76096, U.S.A.

ON **Tuesday November 14, 2023 AT 03:32 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **ALLSTATE FIRE AND CASUALTY COMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**.

On **Tuesday November 21, 2023** at **10:12 AM**- The above named documents were hand delivered to: **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**, by delivering to Tierica Williams, Intake Specialist, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                          DECLARATION

"My name is **MAURICIO SEGOVIA,** my date of birth is 06/02/1972 my business address is  1301 E. Bardin Rd. #182919 , Arlington  TX , 76096, U.S.A., and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Wednesday November 22, 2023**

**PSC#1689 EXP. 08/31/24**
Declarant; Appointed in accordance with State Statutes.

2023.11.817350

# EXHIBIT 4

12/18/2023 3:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82678731
By: Keeley Hodgins
Filed: 12/18/2023 3:16 PM

## CAUSE NO.  2023-78033

| | | |
|---|---|---|
| **NORMA OSORIO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | **151ST JUDICIAL DISTRICT** |
| **INSURANCE COMPANY** | | |

## DEFENDANT'S VERIFIED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Allstate Fire and Casualty Insurance Company, Defendant  in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

Defendant pleads V.T.C.A., Civil Practice and Remedies Code Chapter 33 and its appropriate subchapters and subparts, Comparative Responsibility and Contributions, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord the Defendant full benefit of Chapter 33 and its subchapters and subparts.

**II.**

Anyone qualified for coverage under the underinsured/uninsured motorist provisions of the policy issued by Defendant, if any, to Plaintiff would have to be a covered person to receive benefits, and such benefits would have to be paid under the following provisions:

> *We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.*

> *The limit of liability shown in the Declaration for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident.*
>
> *"Uninsured motor vehicle" means a land motor vehicle or trailer or any type, [w]hich is an underinsured motor vehicle.*

Furthermore, and pursuant to *Stracener v. United Services Automobile Association*, 777 S.W. 2d 378 (Tex. 1989), the amount of damages for which there is coverage under the applicable personal automobile policy issued by Defendant and under Article 5.06-1, Texas Insurance Code, should be reduced or totally offset by any amount recovered or recoverable from the underinsured Defendant or any other person, firm, or entity responsible for the injuries and damages to Plaintiff. Hence, if there is any combination of benefits payable to Plaintiff from the responsible parties, whether paid by the responsible parties or paid on their behalf because of the Plaintiff's damages, said payments should be offset against the Plaintiff's damages, which would affect the Plaintiff's recovery from Defendant. Defendant is also entitled to any monies previously paid to Plaintiff by Defendant. Defendant asserts its rights to all legal and/or contractual offsets and/or credits to which it may be entitled.

**III.**

Defendant would show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result in whole or in part of pre-existing conditions, injuries, diseases and disabilities or subsequent conditions, injuries, diseases, or disabilities of Plaintiff and not the result of any act or omission on the part of the Defendant.

**IV.**

Pursuant to the Texas Rules of Civil Procedure 93, Defendant asserts that Plaintiff has not complied with the terms of the policy of insurance requiring the performance of certain conditions precedent (listed above) to the bringing of this suit against Allstate Fire and Casualty Insurance

Company. Specifically, Defendant denies that Plaintiff was involved in a vehicle accident with an uninsured motorist, as the term is understood pursuant to Texas Law.

**V.**

In the unlikely event that Judgment should be granted to the Plaintiff, and further, in the event that Defendant be ordered to pay any sums to the Plaintiff, Defendant, Allstate Fire and Casualty Insurance Company, is subrogated under such contract of insurance to the rights of the Plaintiff, for any sums paid to the Plaintiff. Therefore, Defendant prays that it does have and recover of and from the alleged third person or persons, any and all sums this Defendant may be required to pay as a result of the incident made the basis of this suit.

**VI.**

The Plaintiff's "right" to recover medical expenses is limited by the provisions of Tex. Civ. Prac. and Rem. Code 41.0105. The amount Plaintiff was allegedly "billed" for the medical treatment claimed to her have been received by her for the post-accident medical treatment is in excess of the amounts actually paid or incurred. Thus, recovery of medical or healthcare expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

**VII.**

Allstate Fire and Casualty Insurance Company, Defendant herein, files this general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure and would request strict proof of the Plaintiff's allegations upon a trial of this cause.

**IX.**

Defendant invokes self-authentication rights pursuant to Tex. R. Civ. P. 193.7, and specifically that documents/items made available by the opposing party through discovery process

may be used at trial and/or in pre-trial proceedings.

## X.

Plaintiff claims for punitive damages are barred because such an award would violate Defendant due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## XI.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable law.

## XII.

Defendant asserts the limitations and restrictions on exemplary damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## XIII.

Under Texas Rules of Civil Procedure 190 and 194, Defendant requests that Plaintiff disclose, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

COMES NOW, Allstate Fire and Casualty Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Defendant also requests the official court reporter of the Court to which this case is assigned to trial to perform all the duties of this office, as set forth in Section 52.046 of the Government Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Allstate Fire and Casualty Insurance Company, prays that the Plaintiff recovers nothing of and from the Defendant by reason of this suit; that Defendant be discharged without delay, with costs of court, and for such other and

further relief, both general and special, at law and in equity, to which Defendant may show itself

justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*Wesley R. Ward*

_____

Wesley R. Ward
State Bar No. 24008235
P. O. Box 3188
Conroe, Texas  77305-3188
(936) 441-4673 – Metro
(936) 441-4674 – Fax
Service Email: hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the **_only_** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

**CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Verified  Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Verified Answer has been delivered to all interested parties on December 18, 2023, correctly addressed to:

Derek Mueller
Husain Law & Associates, P.C.
5858 Westheimer, Suite 400
Houston, TX 77057
*Attorney for Norma Osorio*

*Wesley R. Ward*

_____

Wesley R. Ward

CAUSE NO.  2023-78033

| | | |
|---|---|---|
| **NORMA OSORIO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | **151ST JUDICIAL DISTRICT** |
| **INSURANCE COMPANY** | | |

## UNSWORN DECLARATION IN LIEU OF VERIFICATION OF ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

My name is Traci Honeycutt.  My date of birth is June 04, 1969 and my address is PO Box 660636 Dallas TX 75266.

I am Defendant in the above-referenced case and have personal knowledge of the facts contained in Defendant's Original Answer.

I declare under penalty of perjury that the facts contained in Defendant's Original Answer are true and correct based on my personal knowledge.

Executed in Dallas County, State of Texas on this 18th day of December 2023.

*Traci Honeycutt*

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

John Causey on behalf of Wesley Ward
Bar No. 24008235
hcdocket@hope-causey.com
Envelope ID: 82678731
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Verified Answer
Status as of 12/18/2023 3:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Mueller | | eserve@hlalawfirm.com | 12/18/2023 3:16:07 PM | SENT |

# EXHIBIT 5

12/18/2023 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82672720
By: Taiasha Bradford
Filed: 12/18/2023 2:06 PM

## CAUSE NO. 2023-78033

| | | |
|---|---|---|
| **NORMA OSORIO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | **151ST JUDICIAL DISTRICT** |
| **INSURANCE COMPANY** | | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Allstate Fire and Casualty Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

Defendant pleads V.T.C.A., Civil Practice and Remedies Code Chapter 33 and its appropriate subchapters and subparts, Comparative Responsibility and Contributions, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord the Defendant full benefit of Chapter 33 and its subchapters and subparts.

### II.

Anyone qualified for coverage under the underinsured/uninsured motorist provisions of the policy issued by Defendant, if any, to Plaintiff would have to be a covered person to receive benefits, and such benefits would have to be paid under the following provisions:

> *We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.*

> *The limit of liability shown in the Declaration for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident.*

> *"Uninsured motor vehicle" means a land motor vehicle or trailer or any type, [w]hich is an underinsured motor vehicle.*

Furthermore, and pursuant to *Stracener v. United Services Automobile Association*, 777 S.W. 2d 378 (Tex. 1989), the amount of damages for which there is coverage under the applicable personal automobile policy issued by Defendant and under Article 5.06-1, Texas Insurance Code, should be reduced or totally offset by any amount recovered or recoverable from the underinsured Defendant or any other person, firm, or entity responsible for the injuries and damages to Plaintiff. Hence, if there is any combination of benefits payable to Plaintiff from the responsible parties, whether paid by the responsible parties or paid on their behalf because of the Plaintiff's damages, said payments should be offset against the Plaintiff's damages, which would affect the Plaintiff's recovery from Defendant. Defendant is also entitled to any monies previously paid to Plaintiff by Defendant. Defendant asserts its rights to all legal and/or contractual offsets and/or credits to which it may be entitled.

### III.

Defendant would show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result in whole or in part of pre-existing conditions, injuries, diseases and disabilities or subsequent conditions, injuries, diseases, or disabilities of Plaintiff and not the result of any act or omission on the part of the Defendant.

### IV.

Pursuant to the Texas Rules of Civil Procedure 93, Defendant asserts that Plaintiff has not complied with the terms of the policy of insurance requiring the performance of certain conditions precedent (listed above) to the bringing of this suit against Allstate Fire and Casualty Insurance

Company. Specifically, Defendant denies that Plaintiff was involved in a vehicle accident with an uninsured motorist, as the term is understood pursuant to Texas Law.

**V.**

In the unlikely event that Judgment should be granted to the Plaintiff, and further, in the event that Defendant be ordered to pay any sums to the Plaintiff, Defendant, Allstate Fire and Casualty Insurance Company, is subrogated under such contract of insurance to the rights of the Plaintiff, for any sums paid to the Plaintiff.  Therefore, Defendant prays that it does have and recover of and from the alleged third person or persons, any and all sums this Defendant may be required to pay as a result of the incident made the basis of this suit.

**VI.**

The Plaintiff's "right" to recover medical expenses is limited by the provisions of Tex. Civ. Prac. and Rem. Code 41.0105.  The amount Plaintiff was allegedly "billed" for the medical treatment claimed to her have been received by her for the post-accident medical treatment is in excess of the amounts actually paid or incurred.  Thus, recovery of medical or healthcare expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

**VII.**

Allstate Fire and Casualty Insurance Company, Defendant herein, files this general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure and would request strict proof of the Plaintiff's allegations upon a trial of this cause.

**IX.**

Defendant invokes self-authentication rights pursuant to Tex. R. Civ. P. 193.7, and specifically that documents/items made available by the opposing party through discovery process may be used at trial and/or in pre-trial proceedings.

**X.**

Plaintiff claims for punitive damages are barred because such an award would violate Defendant due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

**XI.**

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable law.

**XII.**

Defendant asserts the limitations and restrictions on exemplary damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

**XIII.**

Under Texas Rules of Civil Procedure 190 and 194, Defendant requests that Plaintiff disclose, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

COMES NOW, Allstate Fire and Casualty Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Defendant also requests the official court reporter of the Court to which this case is assigned to trial to perform all the duties of this office, as set forth in Section 52.046 of the Government Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Allstate Fire and Casualty Insurance Company, prays that the Plaintiff recovers nothing of and from the Defendant by reason of this suit; that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*Wesley R. Ward*

_____

Wesley R. Ward
State Bar No. 24008235
P. O. Box 3188
Conroe, Texas  77305-3188
(936) 441-4673 – Metro
(936) 441-4674 – Fax
Service Email: hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the **_only_** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

**CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original  Answer has been delivered to all interested parties on , correctly addressed to:

Derek Mueller
Husain Law & Associates, P.C.
5858 Westheimer, Suite 400
Houston, TX 77057
*Attorney for Norma Osorio*

*Wesley R. Ward*

_____

Wesley R. Ward

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Causey on behalf of Wesley Ward
Bar No. 24008235
hcdocket@hope-causey.com
Envelope ID: 82672720
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants Original Answer
Status as of 12/18/2023 2:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Mueller | | eserve@hlalawfirm.com | 12/18/2023 2:06:23 PM | SENT |

# EXHIBIT

# B

**HCDistrictclerk.com**       OSORIO, NORMA vs. ALLSTATE FIRE AND CASUALTY       12/19/2023
INSURANCE COMPANY
Cause: 202378033          CDI: 7        Court: 151

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 111865845 | Defendants Original Answer | | 12/18/2023 | 6 |
| 111868177 | Defendant's Verified Answer | | 12/18/2023 | 7 |
| 111475812 | Citation | | 11/22/2023 | 3 |
| 111240619 | Plaintiff's Original Petition | | 11/08/2023 | 5 |
| -> 111240620 | Request for Issuance of Service | | 11/08/2023 | 1 |

# EXHIBIT

# C

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Norma Osorio

**DEFENDANTS**

Allstate Fire and Casualty Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Harris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek Mueller, Husain Law & Associates, P.C.,   5858 Westheimer, Suite 400, Houston, TX, 77057, (713)800-1200

Attorneys *(If Known)*
Wesley R. Ward, Hope & Causey P.C., PO Box 3188, Conroe, TX 77305, (936) 441-4673

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441(b)(3)

Brief description of cause:
Removal from State to Federal Court because jurisdiction and amount in controversy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Mike Engelhart   DOCKET NUMBER   2023-78033

DATE
12/19/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Wesley R. Ward

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE